**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:                                       )
    Mary Ann Hyder-Ward            )        Chapter 13
        Debtor                             )        Case No. 10-20047
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Opinion and Order**

      The debtor filed a voluntary chapter 13 petition on January 15, 2010. On her Schedule C filed that date, the debtor sought to exempt (i) $1000 in a Northeast Credit Union checking account, and (ii) $500 in a Bank of America checking account. As alternative grounds for these claimed exemptions, the debtor cited 14 M.R.S. § 4422(13)(A)-(C) and 38 U.S.C. § 5301(a).[1]

      On February 18, 2010, the chapter 13 trustee objected to these exemptions, asserting that neither the Maine nor the federal statute is applicable to cash once it has been received by a debtor. The debtor opposed the trustee's objection. Following a hearing on June 23, 2010, I took the matter under submission.

      I have reviewed the applicable law, and hereby conclude as follows:

(A) As to the debtor's exemptions claimed pursuant to Maine law, the trustee's objection is sustained. The Maine statute, by its express terms, applies only to "[t]he debtor's *right to receive*" veterans' and/or disability benefits. See M.R.S. § 4422(13)(A)-(C). Therefore, cash the debtor has in hand cannot be exempted.

(B) As to the exemptions claimed pursuant to 38 U.S.C. § 5301(a), the trustee's objection is overruled. The statute provides that:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be except from . . . the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either *before or after receipt* by the beneficiary.

38 U.S.C. § 5301(a)(1).

      Thus, to the extent that the funds the debtor claims as exempt are traceable to sources from which the debtor would be entitled to exempt payments pursuant to 38 U.S.C. § 5301(a)(1),

---

[1] Via 22 U.S.C. § 4060, which provides for the assignment of Foreign Service Retirement and Disability benefits to spouses.

those funds themselves are also exempt.  See In re Cook, 406 B.R. 770, 773-74 (Bankr. S.D. Ohio 2009), citing Porter v. Aetna Cas. & Sur. Co., 370 U.S. 159 (1962) (discussing exemption of benefits under 38 U.S.C. § 3101(a), later re-codified as 38 U.S.C. § 5301(a)).

    It is so ordered.


Dated:  June 23, 2010

/s/ James B. Haines, Jr.
Hon. James B. Haines, Jr.
Judge, U.S. Bankruptcy Court
District of Maine